# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 3:03cr12 |
| | § | (Judge Davis) |
| JASON SHANE FLOWERS (6) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 30, 2010, and August 6, 2010, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Ernest Gonzalez.

On June 9, 2004, Defendant was sentenced by the Honorable Leonard Davis to sixty-seven (67) months and twenty-six (26) days custody followed by five (5) years of supervised release for the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine. On June 5, 2009, Defendant completed his period of imprisonment and began service of his supervised term.

On June 7, 2010, the U.S. Pretrial Services Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory condition: (1) the defendant shall not commit another federal, state, or local crime.

The petition alleges that Defendant committed the following acts: (1) On May 30, 2010, Defendant committed the offense of Assault Causing Bodily Injury, a third degree felony, in Lamar County, Texas. A state warrant was issued on June 4, 2010, for the Defendant's arrest.

Defendant entered a plea of not true and the Court proceeded to a final hearing. The parties requested, and the Court agreed, to consider the evidence submitted at the preliminary hearing in

making a decision at the final hearing.

The Government offered the testimony of U.S. Probation Officer Jamie Perrenoud. Officer Perrenoud testified that Defendant violated the mandatory condition that he not violate any federal, state, or local law when he allegedly committed an Assault. The Government also offered the testimony of Investigator Joel Shipman of the Lamar County Sheriff's Department. Investigator Shipman testified that he investigated the assault and stated that the victim, Marisa Flowers, told him that Defendant had assaulted her during an argument. The Government also offered pictures of Mrs. Flowers, taken by her former employer, to show the bruises caused by the assault. Mrs. Flowers' former employer, Pat Taylor, testified in support of the claim that Mrs. Flowers was assaulted by Defendant. Defendant offered the testimony of Mrs. Flowers and Connie Daniel. Mrs. Flowers denied that any assault took place, and Ms. Daniel stated that Mrs. Flower had fallen, causing her bruises.

The Court finds the guideline range in this case is thirty-three to forty-one months. However, the maximum imprisonment allowed is twenty-four months. The probation officer recommended twenty-four (24) months of imprisonment with no supervised release to follow.

## RECOMMENDATION

The Court finds that Defendant has violated his conditions of his supervised release. Based upon these violations, the Court recommends that Defendant's supervised release should be revoked. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, with no supervised release to follow. It is also recommended that Defendant be housed in the Bureau of Prisons, El Reno.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 11th day of August, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE